KENNETH E. FOWLER,[1] Petitioner Below, Appellant,
v.
PAMELA M. FOWLER, Respondent Below, Appellee.
No. 60, 2009, File No. CK05-02035.
Supreme Court of Delaware.
Submitted: April 2, 2009.
Decided: May 15, 2009.
Before HOLLAND, BERGER and JACOBS, Justices.

ORDER
CAROLYN BERGER, Judge.
This 15th day of May 2009, upon consideration of the appellant's opening brief and the appellee's motion to affirm, it appears to the Court that:
(1) By stipulation and order dated July 10, 2007 ("Agreement"), the parties, Kenneth E. Fowler ("Father") and Pamela M. Fowler ("Mother"), through their respective counsel, entered into an Agreement whereby "[l]egal custody and physical placement" of the parties' then eight-year old child ("child") was granted to Mother, and Father "expressly decline[d] any form or type of scheduled contact, or visitation."[2] The Agreement further provided that "[p]rior to and in connection with any subsequent request of Father to have contact with [the child], Father and Mother shall be required to participate in a "course of therapeutic `reunification' counseling" that was further defined in the Agreement.[3] Moreover, the Agreement provided that "[n]o Petition, Motion or other application filed by Father seeking an Order of [the Family] Court for contact with [the child] will proceed to mediation, or other judicial scheduling, until such time as Father has completed the requirements of therapeutic reunification counseling set forth in [the Agreement]."[4]
(2) In December 2007, five months after entering into the Agreement, Father, through counsel, moved for standard visitation plus additional visitation time with the child.[5] Mother opposed Father's motion on the basis that Father had not participated in the reunification counseling required by the Agreement.
(3) On October 28, 2008, a hearing was held before a Family Court Judge on Father's motion for visitation.[6] Six witnesses testified at the hearing: Father, Mother, the family's reunification counselor, the child's therapist, the visitation supervisor, and the fifteen-year-old daughter of Father's girlfriend.
(4) At the conclusion of the hearing, the Family Court denied Father's request for standard visitation and ordered that visitation would be held at a Visitation Center in accordance with a written decision issued by the Court at a later date. The Court also indicated that it would grant attorney's fees to Mother in an amount to be determined.
(5) Six days later, and prior to the issuance of the Family Court's written decision, Father, through counsel, filed a motion for new trial.[7] Father alleged that the child's therapist, who had testified at the hearing and expressed an opinion on visitation, "had been engaged in the unauthorized practice of clinical social work."[8]
(6) On November 14, 2008, the Family Court issued its written decision. First, on Father's motion for visitation, the Court found that "it is in the best interests of [the child], for Father to have [weekly] visitation, but with specific restrictions and conditions in place."[9] Second, on Father's motion for new trial, the Family Court denied the motion, stating:
Whether or not [the child's therapist] is licensed only goes to the weight of her qualifications, not an outright prohibition to testify in her area of expertise, based upon education, training and experience. Lack of authority to practice in this State does not disqualify one. However, more importantly, there was ample evidence presented, other than [the child's therapist's] testimony, that the Court assessed, weighed and accepted in reaching its decision. Interestingly enough, the Court did not accept [the child's therapist's] recommendation of once a month visitation and opted to weekly visitation, but with a delay in the start so that the child maybe better prepared.[10]
Third, the Court assessed attorney's fees against Father on the basis that his position on the motion for visitation was "clearly meritless and without any basis in law and fact."[11]
(7) On December 2, 2008, Father filed a pro se document entitled "Motion for Reconsideration or Motion for a New Trial before a New Judge." On December 17, 2008, the Family Court denied Father's motion. By separate order, the Court directed that Father pay Mother's attorney's fees in the amount of $3,510.
(8) On December 31, 2008, Father filed a pro se document entitled "Motion for Extension of Time/ Motion for Reconsideration of Attorney Fees/ Motion for a New Fair Trial before a New Judge/ Motion for Clarification." By order dated January 9, 2009, the Family Court denied Father's motion. This appeal followed.[12]
(9) Father's arguments, fairly summarized, are that (i) the Family Court "failed to recognize the significance of the unlicensed status" of the child's therapist; (ii) there were inconsistencies in the testimonies of the family's reunification counselor and the child's therapist; and (iii) the Family Court improperly awarded attorney's fees to Mother. Mother has moved to affirm the judgment of the Family Court on the ground that it is manifest on the face of Father's opening brief that the appeal is without merit.[13]
(10) This Court's review of appeals from the Family Court "extends to a review of the facts and law as well as to a review of the inferences and deductions made" by the judge.[14] The Court will not disturb the Family Court's "findings of fact unless they are clearly wrong and justice requires their overturn."[15] If the Family Court "has correctly applied the law, our standard of review is for abuse of discretion."[16] Errors of law are reviewed de novo.[17]
(11) The Court has carefully considered the parties' positions on appeal and the Family Court record and can discern no legal error or abuse of discretion on the part of the Family Court with respect to its decisions on Father's motion for visitation and related motions. An order concerning visitation may be modified at any time if the best interests of the child would be served by such modification.[18] In this case, the record clearly reflects that the Family Court modified Father's visitation in a manner that was consistent with the child's best interests.
(12) Nor can the Court conclude that the Family Court abused its discretion when awarding attorney's fees based on a finding that Father's motion for visitation had no basis in law or fact. The Family Court ruled that:
[Father's] conduct was such that he disregarded not only the position of his counsel, but the recommendation of [the reunification counselor], who was his expert witness. [Father] even disregarded his own personal position during his testimony, which went from bad to worse, by requesting more contact than he originally requested, even after hearing, again from his counsel and his expert witness, what they were presenting as the child's best interests.[19]
The Family Court's award of attorney's fees to Mother was the product of an orderly and logical deductive process.
NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Family Court is AFFIRMED.
NOTES
[1] By Order dated February 9, 2009, the Court sua sponte assigned pseudonyms to the parties. Del. Supr. Ct. R. 7(d).
[2] Fowler v. Fowler, Del. Fam., File No. 05-02035; Pet. Nos. 05-22038, 05-26415, 05-31080, 07-10804, Pyott, J. (July 10, 2007) (stipulation and order) (emphasis added).
[3] Id.
[4] Id.
[5] The Court takes judicial notice of the Family Court's "Standard Visitation Guidelines," available at http://courts.state.de.us/How%20To/Visitation/?visitation.htm. See also Reston v. Gertner, 2007 WL 1206948 (Del. Supr.) (providing that [s]tandard visitation consists of one overnight a week and every other weekend with the non-custodial parent).
[6] The record reflects that on June 12, 2008, a Family Court Commissioner issued a stipulated order providing Father with temporary supervised visitation.
[7] In a pro se amendment to the motion for new trial filed on November 13, 2008, Father advised the Court that he had terminated the services of his counsel.
[8] It appears from the record that the therapist's professional license issued by the State Division of Professional Regulation expired on January 31, 2007, due to an oversight by the therapist.
[9] Fowler v. Fowler, Del. Fam., File No. CK05-02035, Pet. No. 07-38766, Walls, J. (Nov. 14, 2008).
[10] Id., n. 3.
[11] Fowler v. Fowler, Del. Fam., File No. CK05-02035, Pet. No. 07-38766, Walls, J. (Nov. 14, 2008).
[12] Both Father and Mother are proceeding pro se on appeal.
[13] Del. Supr. Ct. R. 25(a).
[14] Wife (J.F.V.) v. Husband (O.W.V., Jr.), 402 A.2d 1202, 1204 (Del. 1979).
[15] Solis v. Tea, 468 A.2d 1276, 1279 (Del. 1983).
[16] Jones v. Lang, 591 A.2d 185, 186 (Del. 1991).
[17] In re Heller, 669 A.2d 25, 29 (Del. 1995).
[18] Del. Code Ann. tit. 13, § 729 (1999).
[19] Fowler v. Fowler, Del. Fam., File No. CK05-02035, Pet No. 07-38766, Walls, J. (Nov. 14, 2008).